IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| G.G. and Y.G.,<br><br>    Plaintiffs,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and THE MASSMUTUAL EMPLOYEE WELFARE BENEFITS PLAN, 503,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO TRANSFER VENUE**<br><br>Civil No. 2:22-cv-00078-JNP-CMR<br><br>Judge Jill N. Parrish |

Before the court is the parties' Joint Stipulation to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). ECF No. 17. The parties contend that the present action should be transferred to the District of Massachusetts because the parties have consented to such a transfer and, because of a forum selection clause in the insurance plan at issue, venue in the District of Massachusetts will promote the interests of justice. For the reasons presented herein, the court GRANTS the parties' motion to transfer venue.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The decision of whether to transfer an action is within the discretion of the trial court." *Cmty. TV of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1205 (D. Utah 2014). However, "because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 63 (2013) (citation

1

omitted). Here, the parties have consented to have the case transferred to the District of Massachusetts and note that the insurance plan at issue contains "a mandatory forum selection clause," ECF No. 17 at 1, which provides that "any legal action against the [insurance plan] 'shall be brought in the United States District Court for the District of Massachusetts.'" ECF No. 13 at 1. Because it would promote the interests of justice to enforce the forum selection clause in the insurance plan at issue, the court GRANTS the parties' stipulated motion to transfer venue and ORDERS that the present action be transferred to the United States District Court for the District of Massachusetts.

In addition, at the conclusion of their motion, the parties also stipulated that "Defendants shall have thirty (30) days from the date this action is transferred to the United States District Court for the District of Massachusetts to respond to the Complaint." ECF No. 17 at 2. However, the court declines to issue an order that binds the transferee court and potentially interferes with that court's preferred schedule regarding filings. Thus, the court DENIES the parties' request to extend the deadline to respond to the complaint. The parties may move for such an extension in the transferee court.

DATED July 8, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge